2016 UT App 247

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
GREGORY D. LINEBERRY,
Appellant.

Memorandum Decision
No. 20150568-CA
Filed December 22, 2016

Third District Court, Salt Lake Department
The Honorable Paul B. Parker
No. 141902257

Teresa L. Welch and Maren E. Larson, Attorneys
for Appellant

Sean D. Reyes and William M. Hains, Attorneys
for Appellee

JUDGE GREGORY K. ORME authored this Memorandum Decision,
in which JUDGES MICHELE M. CHRISTIANSEN and KATE A. TOOMEY
concurred.

ORME, Judge:

¶1     Gregory D. Lineberry, having pled guilty to the charge of
disarming a police officer, appeals his sentence.[1] We affirm.

---

1. Disarming a police officer of a firearm is a first degree felony.
*See* Utah Code Ann. § 76-5-102.8(2), (3)(a) (LexisNexis 2012). As
part of his plea bargain, Lineberry was allowed to plead guilty to
a single second degree felony, *see id.* § 76-3-402(1) (authorizing
that, if certain criteria are met, "the court may enter a judgment
of conviction for the next lower degree of offense and impose
sentence accordingly"), and four other counts were dismissed.

¶2 In its presentence report, Adult Probation and Parole recommended that Lineberry be incarcerated in the Utah State Prison. The report noted Lineberry's heroin addiction, past participation in education programs while imprisoned, acceptance of responsibility for the crime in this case, and willingness to pursue sobriety through substance abuse programs. Defense counsel submitted four letters in support of Lineberry's character. The letters called Lineberry a role model because of his commitment to sobriety and self-improvement and spoke of his positive attitude and desire to move forward with his life. One letter described him as "a generous, kind, honest, loving soul." The letters also noted his struggle with addiction and post-traumatic stress disorder and his need for "therapy and rehabilitation."

¶3 The sentencing hearing began with the court indicating that it had read the letters. Defense counsel sought a sentence of probation, with no more than one year's jail time and substance abuse treatment. Counsel cited Lineberry's remorse for his crimes, his "substantial steps" toward change, his good behavior in jail, and his having forgone bail to avoid relapsing into heroin use. Likewise, in his statement to the court, Lineberry noted the severity of the crime and his past drug use but asked for the opportunity to pursue his ongoing sobriety without being returned to prison, where he had first used heroin. The State, nonetheless, sought imprisonment based on his "significant" criminal history and the seriousness of his criminal conduct: disarming an officer who sought to arrest him for injecting heroin in a public restroom.

¶4 The sentencing court, again noting that it had read the letters and commenting that they were moving and sympathetic, said that it had "really thought about this." The court expressed the need "to balance" the character evidence with "the dangerousness of [Lineberry's] conduct and the threat to the community compared to [his] ability to get rehabilitation," and it

stated that prison had the very programs for treatment that Lineberry needed. Upon these considerations, the court sentenced Lineberry to prison for the statutory term for a second degree felony, an indeterminate term of one year to fifteen years, *see* Utah Code Ann. § 76-3-203(2) (LexisNexis 2012), with a recommendation that he receive credit for time served. Lineberry appeals.

¶5      We review the sentencing decision for an abuse of discretion. *State v. Valdovinos*, 2003 UT App 432, ¶ 14, 82 P.3d 1167. A sentencing court abuses its discretion if it imposes a sentence that is inherently unfair, clearly excessive, or illegal, *see State v. Schweitzer*, 943 P.2d 649, 651 (Utah Ct. App. 1997), if it "fail[s] to consider all the legally relevant factors," *State v. Killpack*, 2008 UT 49, ¶ 59, 191 P.3d 17 (citation and internal quotation marks omitted), or if "no reasonable person would take the view" it adopts, *Valdovinos*, 2003 UT App 432, ¶ 14 (alteration, citation, and internal quotation marks omitted). This is "a heavy burden" for an appellant to carry. *State v. Roberts*, 2015 UT 24, ¶ 35, 345 P.3d 1226.

¶6      Lineberry argues that his sentence constitutes an abuse of discretion because there were "intangible factors that counseled against prison" and "justif[ied] probation." But we will not disturb the sentencing court's decision merely because mitigating factors exist. *See Killpack*, 2008 UT 49, ¶ 59. Rather, we must determine whether the court considered all of the relevant factors, with the understanding that "not all aggravating and mitigating factors are equally important." *Id.* Here, the court considered the letters written on Lineberry's behalf; the nature of the crime, which was quite serious; and the threat Lineberry posed to the community in light of his criminal history. Thus, the court acknowledged the mitigating factors but balanced them against other relevant concerns and concluded that imprisonment was necessary, *see id.* ¶¶ 59, 61, especially considering that prison programs presented the opportunities

for rehabilitation and self-improvement that Lineberry argued justified probation. This is precisely what Utah law requires of sentencing courts, *see id.* ¶ 59, and the sentencing court therefore did not abuse its discretion.

¶7    Affirmed.

———